# Exhibit A

ELECTRONICALLY FILED
2015 Mar 06 PM 3:43
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER:  2015-CV-000182-TO

George Bryan Jones

vs.

Ad Astra Recovery Services, Inc.

**SUMMONS**

To the above-named Defendant/Respondent:

> **Ad Astra Recovery Services, Inc.**
> **Serve:  Dave Newman**
> **3611 N. Ridge Rd.**
> **Wichita, KS  67205**

You are hereby notified that an action has been commenced against you in this court.  You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

> Bryce B Bell
> BellLaw, LLC
> 2029 Wyandotte Street, Ste 100
> Kansas City, MO 64108

within 21 days after service of summons on you.


B.D. Lumbreror
Bernadine D. Lumbreras

Clerk of the District Court

**Documents to be served with the Summons:**

Jones v Ad Astra Petition

# 18th Judicial District Court
# Discovery Conference Notice

Bryce B Bell
2029 Wyandotte St Ste 100
Kansas City MO 64108

Case No: 2015-CV-000182-TO

Case Title        George Bryan Jones  vs.  Ad Astra Recovery Services, Inc.

**Date and Time Set**

March 25, 2015  10:45

Judge Douglas R Roth, Div. 21
Courtroom: 06-4
(316)660-5600
Sedgwick County Courthouse
Wichita, KS 67203

**Please Note:**

**Plaintiff's attorney is responsible to notify defendant/counsel of the date and time for this Discovery Conference.**

Discovery Conference will be heard by the Discovery Judge on the 6th floor, courtroom 6-4.

ELECTRONICALLY FILED
2015 Jan 26 PM 2:07
CLERK OF THE SEDGWICK COUNTY DISTRICT COURT
CASE NUMBER: 2015-CV-000182-TO

## IN THE DISTRICT COURT OF SEDGWICK COUNTY, KANSAS
## CIVIL DIVISION

GEORGE JONES                          )
                                      )
                    Plaintiff,        )
                                      )          Case No. 2015 - CV - 000182-TO
v.                                    )
                                      )          Division 23
AD ASTRA RECOVERY SERVICES,           )
INC.                                  )          Chapter 60
Serve: Dave Newman                    )
       3611 N. Ridge Rd.,             )
       Wichita, KS 67205              )
                                      )
                    Defendant.        )

### PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Plaintiff George Jones, by and through counsel Bryce B. Bell of Bell Law, LLC, for his Petition for Damages against Defendant Ad Astra Recovery Services, Inc. states as follows:

### JURISDICTION & VENUE

1.      Jurisdiction and venue in the District Court of Sedgwick County are proper in that Plaintiff resides in Sedgwick County, Kansas and Defendant attempted to enforce a consumer transaction and collect an alleged debt from Plaintiff in Sedgwick County, Kansas. K.S.A. § 50-638 (b) *Venue* states, in full: "Every action pursuant to this act [Kansas Consumer Protection Act] shall be brought in the district court of any county in which there occurred an act or practice declared to be a violation of this act, or in which the defendant resides or the defendant's principal place of business is located. If the defendant is a nonresident and has no principal place of business within this state, then the non-resident can be sued either in the district court of

Shawnee county or in the district court of any county in which there occurred an act or practice declared to be a violation of this act".

## PARTIES

2.     Plaintiff George Jones ("George" or "Plaintiff") is a person that resides in Sedgwick County, Wichita, Kansas.

3.     George is a "consumer" under the Kansas Consumer Protection Act ("KCPA"), specifically K.S.A. § 50-624 (b).

4.     George is also a "consumer" under the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692 a(3).

5.     Defendant Ad Astra Recovery Services, ("Ad Astra") is a foreign, for-profit business entity that is registered to do business in the State of Kansas.  It can be served by serving its registered agent, Dave Newman, at 3611 N. Ridge Road, Wichita, Kansas 67205.

6.     Defendant Ad Astra Recovery Services, Inc. ("Ad Astra") is a "supplier" under the KCPA, specifically K.S.A. § 50-624 (l).

7.     Defendant Ad Astra is also a "debt collector" as defined by the FDCPA, specifically 15 U.S.C. § 1692 a(6).

## FACTUAL HISTORY

8.     Beginning on or about July 17, 2014, George received numerous calls (phone # 866-398-2089) from Defendant attempting to collect a debt belonging to someone else.

9.     In each of these calls, Defendant asked for a woman named "Shay."

10.     In each of these calls, George informed Defendant he did not know who Shay was and to stop calling him regarding her alleged debt.

2

11.     George also informed Defendant to stop calling him during his working hours, as he is a truck driver and not allowed to talk on the phone while driving.

12.     Despite Plaintiff's instructions, Defendant continued to call him at least nine more times until August 8, 2014.

13.     During these calls, Defendant accused George of knowing Shay and purposely withholding evidence in regards to her whereabouts.

14.     Defendant also threatened that George could be held liable for withholding Shay's whereabouts.

15.     George obtained a call blocker application for his phone to screen Defendant's continued calls, especially during working hours, after Defendant disregarded his instructions to cease communications.

16.     After Defendant's last call to George on August 8, 2014, he called the number back on August 11, 2014 and told Defendant he was seeking legal counsel.

17.     Since the August 11, 2014 call, when George told Defendant that he was seeking legal counsel and again to stop calling, Defendant has discontinued communications with him.

18.     On October 10, 2014, Plaintiff sent Ad Astra a *Nelson v. Miller* letter putting it on notice of its violations of the KCPA an FDCPA.

19.     On October 17, 2014, counsel for Ad Astra first made contact with counsel for Plaintiff.

20.     Since then, Plaintiff's counsel has attempted to resolve this matter with Defendant's counsel in ongoing dialogue via e-mail over several weeks.

21.     Defendant's counsel asked that proof be obtained showing that the phone calls from Ad Astra to Plaintiff actually occurred.

3

22.     On December 6, 2014, Plaintiff's counsel informed Defendant's counsel that proof had been obtained showing all that all calls had occurred as alleged; in addition, more phone calls were uncovered those that were not originally alleged in Plaintiff's *Nelson v. Miller* letter from October 10, 2014.

23.     Plaintiff's counsel – in an additional attempt to resolve this prior to litigation – also agreed to briefly extend its initial offer to settle this matter until December 11, 2014.

24.     On December 9, 2014, defense counsel responded that he would reach out to his clients and get back to Plaintiff's counsel.

25.     As of the date of the filing of this lawsuit, defense counsel has not responded to Plaintiff's informal attempts to resolve this matter necessitating the filing of this lawsuit.

26.     Defendant has caused Plaintiff actual harm, not only because he was subjected to the aggravation that necessarily accompanies these calls, evidenced by the fact he needed to download a call blocker application for his phone to screen Defendant's calls, but also because Plaintiff has to pay his cell phone service provider for the use of his cellular telephone and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

27.     Defendant has also caused harm to Plaintiff in that the phone calls are especially frustrating and dangerous to Plaintiff as they occurred while he was employed driving a truck, which endangered not only the safety of Plaintiff but others that were on the road.

28.     Defendant Ad Astra is vicariously liable for the actions and omissions of its employees and agents.

29.     According to the Kansas Supreme Court, the actions of debt collectors such as Ad Astra are covered under the KCPA.

4

## COUNT I:
## VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT

30.     Plaintiff, for this Count I of Plaintiff's Petition for Damages against Defendant Ad Astra Recovery Services, Inc. incorporates the previous paragraphs as if wholly set forth herein.

31.     The Kansas Supreme Court has previously held that debt collection activities fall within the definition of a "supplier" and are subject to the provisions of the KCPA. *State ex rel. Miller v. Midwest Serv. Bur. Of Topeka, Inc.*, 229 Kan. 322, 329, 623 P.2d 1343, 1349 (1981).

32.     Defendant's attempts to collect alleged debts against Plaintiff constitute a "consumer transaction" under the KCPA, specifically K.S.A. § 50-624 (c).

33.     Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendant's conduct.

34.     The KCPA should be liberally construed to promote its policies of protecting consumers against suppliers that commit deceptive and unconscionable practices. K.S.A. § 50-623; *Williamson v. Amrani*, 283 Kan. 227, 234, 152 P.3d 60, 67 (2007).

35.     Defendant's violations of K.S.A. § 50-626, Deceptive acts and practices, include, but are not limited to:

> (a) the supplier (generally) made false and/or misleading representations, knowingly or with reason to know, of fact, in violation of K.S.A. § 50-626 (a);
>
> (b) the supplier made willful use, in oral or written representations, of an exaggeration, falsehood, innuendo or ambiguity as to a material fact, in violation of K.S.A. § 50-626 (b)(2);
>
> (c) the supplier willfully failed to state a material fact, or willfully concealed, suppressed or omitted a material fact, in violation of K.S.A. § 50-626 (b)(3);
>
> (d) the supplier made false statements, knowingly or with reason to know, involving consumer rights, remedies or obligations, in violation of K.S.A. § 50-626 (b)(8); and

5

(e) the supplier committed deceptive acts and/or practices in violation of K.S.A. §
50-626 including, but not limited to:

(1) Using Plaintiff as a means to collect an alleged debt from someone
unknown ("Shay") to him after informing Defendant to cease trying to
contact her through his cellular number;

(2) Attempting to collect a debt by calling Plaintiff on his cellular phone
during working hours even after requesting not to be;

(3) Continually accusing Plaintiff of purposely withholding knowledge
regarding the whereabouts of a debtor he has never met;

(4) Threatening Plaintiff with liability for withholding information after
Plaintiff informed Defendant multiple times he has no information on and
has never met the alleged debtor;

(5) Revealing to Plaintiff, a third party, the name of the consumer ("Shay")
and that she owes a debt; and

(6) Engaging in a pattern of conduct, when taken in its totality, is deceptive.

36.     Defendant's violations of K.S.A. § 50-627, Unconscionable acts and practices,

include, but are not limited to:

(a) generally making unconscionable representations and/or misrepresentations,
and/or engaging in unconscionable conduct, in violation of K.S.A. § 50-627
(a) including, but not limited to:

(1) Using Plaintiff as a means to collect an alleged debt from someone
unknown ("Shay") to him after informing Defendant to cease trying to
contact her through his cellular number;

(2) Attempting to collect a debt by calling Plaintiff on his cellular phone
during working hours even after requesting not to be;

(3) Continually accusing Plaintiff of purposely withholding knowledge
regarding the whereabouts of a debtor he has never met;

(4) Threatening Plaintiff with liability for withholding information after
Plaintiff informed Defendant multiple times he has no information on and
has never met the alleged debtor;

(5) Revealing to Plaintiff, a third party, the name of the consumer ("Shay")
and that she owes a debt; and

6

(6) Engaging in a pattern of conduct, when taken in its totality, is unconscionable.

(b) taking advantage of the inability of the consumer to reasonably protect the consumer's interests because of the consumer's ignorance of the law, in violation of K.S.A. § 50-627 (b)(1).

WHEREFORE, for Count I of Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendant Ad Astra Recovery Services, Inc. as follows:

a.  Statutory damages in the amount of $10,000.00 for every violation of the Kansas Consumer Protection Act per K.S.A. § 50-636 (a);

b.  An injunction preventing the Defendants from continuing to violate the Kansas Consumer Protection Act;

c.  Plaintiff's costs and legal fees at $325.00 per hour in maintaining this action per K.S.A. § 50-634(e);

d.  Pre and post-judgment interest at the greatest rate allowed by the State of Kansas; and

e.  Any other relief which the Court may deem just and proper.

## COUNT II:
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37.  Plaintiff, for this Count II of Plaintiff's Petition for Damages against Defendant Ad Astra Recovery Services, Inc., incorporates the previous paragraphs as if wholly set forth herein.

38.  The FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Financial Systems, Inc.*, 839 F.Supp. 941, 944 (D. Conn. 1993); *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

39.  Defendant Ad Astra violated the FDCPA. Defendant's violations of the FDCPA include, but are not limited to, the following:

7

(a) Communicating with a person other than the consumer who allegedly owes a debt, more than once without their request, and without the reasonable belief that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information is a clear violation of the FDCPA in violation of 15 U.S.C. § 1692(b)(3);

(b) Stating to Plaintiff, a third party, that the consumer owes any debt in violation of 15 U.S.C. § 1692(b)(2);

(c) Calling Plaintiff at a time known by the debt collector to be unusual or inconvenient to him, namely during working hours when he was driving and not allowed to talk on the phone in violation of 15 U.S.C. § 1692c(a)(1) and c(a)(3);

(d) Communicating with anyone except the consumer, consumer's attorney or credit bureau regarding the alleged debt in violation of 15 U.S.C. § 1692c(b);

(e) Continuing to call Plaintiff after instructing Defendant that he wanted the communications to cease in violation of 15 U.S.C. § 1692c(c);

(f) Accusing Plaintiff multiple times of purposely withholding information about the alleged debtor and employing scare tactics with threats of liability for such behavior after Plaintiff informed Defendant he did not know the alleged debtor, conduct the natural consequences of which is to harass, oppress or abuse him in violation of  15 U.S.C. § 1692d; and

(g) Conduct, when taken in its totality, is false, deceptive or misleading in violation of 15 U.S.C. § 1692e and e(10).

WHEREFORE, for Count II of Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendant Ad Astra Recovery Services, Inc. as follows:

a.   Statutory damages of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(B);

b.   Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

c.   Plaintiff's costs in maintaining this action pursuant to 15 U.S.C. § 1692k(a)(3);

d.   Reasonable attorney's fees at $325.00 per hour pursuant to 15 U.S.C. § 1692k(a)(3);

e.   Pre and post-judgment interest at the greatest rate allowed by the State of Kansas; and

8

f.     Any other relief which the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff and demands a jury trial on all issues so triable pursuant to K.S.A. § 60-238.

Respectfully submitted,

*/s/ Bryce B. Bell*
Bryce B. Bell          KS # 20866
Bell Law, LLC
2029 Wyandotte, Ste. 100
Kansas City, Missouri 64108
Telephone: 816-221-2555
Facsimile:  816-221-2508
Bryce@BellLawKC.com
*Attorney for Plaintiff*





CERTIFIED MAIL™



7009 0820 0001 4308 7346

**Hasler**
03/06/2015
**US POSTAGE**

FIRST-CLASS

$06.0

ZIP 64
011D1067



**Ad Astra Recovery Services, Inc.**
**Serve:  Dave Newman**
**3611 N. Ridge Road**
**Wichita, KS 67205**

672058!1214 RO45